# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-170V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| CHRISTI FIESELMAN, | * | Special Master Corcoran |
| *on behalf of her minor child*, M.V., | * | |
| | * | |
| Petitioner, | * | Filed: September 14, 2017 |
| | * | |
| v. | * | Decision; Attorney's Fees and Costs. |
| | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Ilene Claire Albala*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS [1]

On February 6, 2017, Christi Fieselman filed a petition on behalf of her minor child, M.V., seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The petition alleged that the human papillomavirus ("HPV") vaccination that M.V. received on December 31, 2013, caused her to suffer a severe adverse reaction. ECF No. 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

After Petitioner filed some medical records to support her case in late March (ECF Nos. 14 and 15), I expressed concerns about the claim's viability in an April 2017 status conference, based on my initial view that the records did not appear to support Petitioner's claim. I also relayed to Petitioner my view that the medical records possibly showed no evidence of symptoms until after the statute of limitations period expired. *See* Order, dated, April 11, 2017 (ECF No. 8). Petitioner asked for additional time to review more records, which I allowed. In addition, I encouraged counsel to discuss my impressions with Petitioner and determine how to proceed. Three months later, Petitioner filed a Motion for a Decision Dismissing the Petition on July 19, 2017 (ECF No. 24), which I granted on July 20, 2017. ECF No. 25. The claim thus existed for approximately seven months.

Petitioner has now filed a motion requesting final attorney's fees and costs, dated August 14, 2017. *See* ECF No. 29 ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $25,665.31 (representing $24,081.00 in attorney's fees, plus $1,584.31 in costs). *Id.* at 6; Ex. A to Fees App. at 23 ($7,764.00 before the April status conference; $16,317.00 after). Respondent filed a document reacting to the fees request on July 25, 2017, arguing that all fees and costs incurred after the April 11, 2017, status conference should be deducted from the total award because by that date it was understood that the medical records did not support a finding of reasonable basis. ECF No. 31. Petitioner filed a response arguing she acted in good faith, and had established a reasonable basis for her claim. ECF No. 32.

## ANALYSIS

**I.    This Case Has Sufficient Reasonable Basis for Only a Modest Fees Award**

I have in prior decisions set forth at length the relevant legal standards governing attorney's fees awards in unsuccessful cases, and in particular the criteria to be applied when determining if a claim possessed "reasonable basis."[3] *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906 at 4-5 (Fed. Cl. Spec. Mstr. May 26, 2016) *aff'd*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). In short, a petitioner must demonstrate reasonable basis through some evidentiary showing and in light of the totality of the circumstances. The nature and extent of an attorney's investigation into the claim's underpinnings, both before and after filing, is a relevant consideration. *Cortez v. Sec'y of Health & Human Servs.*, No. 09-176V, 2014 WL 1604002, at *6 (Fed. Cl. Spec. Mstr. Mar. 26, 2014); *Di Roma v. Sec'y of Health & Human Servs.*,

---

[3] Although good faith is one of the two criteria that an unsuccessful petitioner requesting a fees award must satisfy, it is an easily-met one – and Respondent does not appear to question it in this case. *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996) (in the absence of evidence of bad faith, special master was justified in presuming the existence of good faith).

No. 90–3277V, 1993 WL 496981, at *2 (Fed. Cl. Spec. Mstr. Nov. 18, 1993) (citing *Lamb v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 255, 258–59 (1991)).

Though counsel acknowledged in the Petition that he filed this claim without the benefit of a full review of the record, due to a looming expiration of the statute of limitations, the documents Petitioner later cited as supporting her allegations of causation facially do not support her claim – and this was evident to me based on a fairly cursory review of those records. For instance, Petitioner alleges that M.V.'s symptoms started in February 2014, but Petitioner's earliest medical records are dated August 2014, eight months after the vaccine was administered, and they do not reflect or record the complained-of symptoms. Further, the medical record from Specialists in Gastroenterology that dates Petitioner's onset as "three years ago" (and thus in the winter 2014 timeframe) was created during a February 2017 office visit, *after* Petitioner had already filed this claim, therefore diminishing its probative value. In addition, the remaining records filed between 2015 and 2016 discuss various injuries that are not attributable to the HPV vaccine. Accordingly, the medical records self-evidently did not connect the December 2013 HPV vaccination to any subsequent injury.

The procedural record also reveals dilatory conduct in Petitioner's determination to abandon the claim. Once I raised my concerns about the strength of the case, counsel *still* requested two extension of time in order to decide how to proceed, billing even more time to the matter than prior to that date. *See* ECF Nos. 9, 20. I have previously ruled that attorneys with facially weak claims must act expeditiously to evaluate a claim's strength, and are properly tasked with making such determinations on their own without assurance of Program reimbursement. *Curran v. Sec'y of Health & Human Servs.*, No. 15-804V, 2016 WL 4272069 (Fed. Cl. Spec. Mstr. June 22, 2016), *aff'd in part and remanded on other grounds,* 130 Fed. Cl. 1, 11 (2017). I am not persuaded that this case required an extended amount of time in order to discern its weakness.

Based on my review of the case history, coupled with the evidence of counsel's course of representation of Petitioner as set forth in the billing records, I am also troubled by the amount of time it took Mr. Downing to evaluate this case given his experience in Vaccine Program matters. Even if counsel was justified in filing the claim before he was able to evaluate the claim's basis by some review of the record, once the case was filed it was incumbent upon him to conduct that review as soon as practicable. The billing records reveal that Mr. Downing devoted less than ten hours of time to that review before the April 11th status conference - more than enough time to determine the case's deficiencies. Indeed - I was able to reach that conclusion in less time.

This is not the first case in which I have been asked to award fees to Mr. Downing after he filed a matter close to the limitations cut-off, but then did not act expeditiously thereafter in evaluating the claim's strengths. *See, e.g., Curran*, 2016 WL 4272069; *Allicock*, 2016 WL

3571906; *see also Butler v. Sec'y of Health and Human Servs.*, No. 16-1620V, 2017 WL 3811134 (Fed. Cl. Spec. Mstr. Aug. 3, 2017). Moreover, the billing records reveal that counsel in fact *did* have adequate time to consider the claim's viability. At a minimum, that evaluation could have been completed by the middle of April, around the time of the status conference.

Overall, the amount of time spent on this case does not warrant full reimbursement. I therefore find that reasonable basis for this claim ended at the time of the status conference on April 11, 2017, and I will not award any hours of attorney work or paralegal work performed following that date (with the exception of costs relevant to winding down the case and preparing it for dismissal). *See Curran v. Sec'y of Health & Human Servs.*, No. 15-804V, 2017 WL 1718791, at *3-4 (Fed. Cl. Spec. Mstr. Mar. 24, 2017) (awarding modest fees associated with winding down the case). This results in a reduction of 38.7 hours of attorney work and 29.1 hours of paralegal work, all of which was performed after April 11th. Mr. Downing's work is reduced by 26.9 hours; Petitioner receives no award for Ms. Van Cott because she completed no work prior to the April 11, 2017 status conference. However, I will award the Petitioner three additional hours from this time period (representing wind-down costs).

Therefore, I will compensate in total only 10.6 hours of attorney work (with the 3-hour increase added to Mr. Downing's fee award), and 36.4 hours of paralegal work - thus representing pre-April 11, 2017 work plus wind-down costs. These reductions are in keeping with the "rough justice" I am empowered to effect when making fees awards in the Program, in order to account for the unnecessary time devoted to this matter.

## II.   Specific Amounts Awarded to Petitioners' Attorneys

Petitioner requests $375 per hour for Mr. Downing's work performed in 2017; $195 per hour for Ms. Van Cott's work performed in 2017; and $135 per hour for two paralegals' work in 2017. Ex. A to Fees App. at 19-20. The hourly rates requested herein are reasonable and have been previously awarded (*see, e.g., Brannigan v. Sec'y of Health & Human Servs.*, No. 14-675V, 2017 WL 2644696, at *4 (Fed. Cl. Spec. Mstr. May 26, 2017)), and thus will also be awarded here. Taking into account the aforementioned reductions, I will award attorney's fees in the total amount of $8,889.00. Finally, I find that the amount of costs requested ($1,584.31) is reasonable and will be awarded in full.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of attorney's fees and costs awards, and based on the foregoing, I **GRANT IN PART** Petitioner's

Motion for Attorney's Fees and Costs, awarding **$10,473.31** in fees and costs ($8,889.00 in attorney's fees + $1,584.31 in costs) made payable jointly to Petitioner's counsel Andrew Downing, Esq. and Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

    **IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.